FILED
CLERK, U.S. DISTRICT COURT
9/03/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: KH DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Joseph Rose, Plaintiff, Pro Se

v.

Slater Slater & Schulman LLP; Gratt & Associates P.C.; Peiffer Wolf Carr Kane Conway & Wise LLP; and Related Defendants

Case No. 2:25-cv-06112-CV-ADS , 2:25-cv-06113-CV-ADS , 5:25-cv-02089-CV-ADS, 8:25-cv-01401-CV-ADS

# MOTION TO COMPEL PROMPT RULINGS, OR IN THE ALTERNATIVE, FOR RECUSAL OF MAGISTRATE JUDGE AUTUMN D. SPAETH AND REASSIGNMENT OF ALL RELEVANT CASES TO DISTRICT JUDGE CYNTHIA VALENZUELA

## I. Relief Requested

Plaintiff respectfully requests that this Court:

1. Compel Magistrate Judge Autumn D. Spaeth to promptly rule on Plaintiff's pending motions, including the Application to Proceed In Forma Pauperis filed June 26, 2025; or
2. In the alternative, reassign this case and all related matters currently before Magistrate Judge Spaeth to District Judge Cynthia Valenzuela, pursuant to 28 U.S.C. § 455(a) and the Court's inherent authority, to ensure impartiality and timely resolution.

## II. Background

1. On June 26, 2025, Plaintiff filed his Complaint and Application to Proceed In Forma Pauperis.
2. More than 70 days have passed without a ruling on Plaintiff's IFP application or other pending matters.
3. Plaintiff has now independently secured signed waivers of service from five Defendants, eliminating any administrative reason for further delay. The Defendants are officially in the case, and their response deadlines are running.
4. Comparative docket review shows that similar IFP requests before this Court are often resolved in 8–47 days, including prisoner cases that require additional screening. Plaintiff's matter has been delayed far longer, without explanation.

This disparity creates an appearance of bias and deprives Plaintiff of timely access to justice.

## III. Legal Standard

- Federal courts have an obligation to act on dispositive motions without unreasonable delay. In re United States, 878 F.2d 153, 158 (5th Cir. 1989).
- Recusal is required where impartiality "might reasonably be questioned." 28 U.S.C. § 455(a).
- District courts have inherent authority to reassign cases to preserve fairness and efficiency. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

## IV. Argument

1. Unreasonable Delay: More than 70 days have passed without action on Plaintiff's IFP application. This delay has prejudiced Plaintiff's ability to prosecute his case.
2. Plaintiff Has Eliminated Excuses for Delay: Plaintiff has already served five Defendants via executed Rule 4(d) waivers, which are on record. There is no legitimate administrative basis for continued inaction.

3. Disparate Treatment: Other litigants before this Court have received timely rulings; Plaintiff has not. The appearance of disparate treatment raises questions of fairness.
4. Appearance of Bias: The pattern of delay and disregard for Plaintiff's filings creates an appearance of partiality, warranting reassignment under § 455(a).

## V. Prayer for Relief

Plaintiff respectfully requests that this Court:

1. Order Magistrate Judge Spaeth to issue rulings on Plaintiff's pending IFP application and motions within 7 days; or
2. In the alternative, reassign this case and all related matters to District Judge Cynthia Valenzuela, to ensure impartial adjudication and timely administration of justice.

Dated: September __, 2025

Respectfully submitted,

Joseph Rose

Plaintiff, Pro Se

[37722 57th st E Palmdale CA 93552]

[2138562090]

[JosephRose33@outlook.com]