John Doe J.R (Joseph Rose) pro se
37722 57th st E
Palmdale Ca ,93552
213-856-2090
JosephRose33@outlook.com

FILED
CLERK, U.S. DISTRICT COURT
09/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY          KH          DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

John Doe JR,

         Plaintiff,

vs.

Holly Boyer Esq et Al,

         Defendant

Case No.2:25-cv-06113-CV-ADS

MOTION TO STRIKE DEFENDANTS MTD AS PREMATURE & MOTION FOR REPRIMAND

HEARING DATE : November 12th 2025 , 10am – COURT ROOM :6B

## I. INTRODUCTION

Plaintiff Joseph Rose ("Plaintiff"), proceeding pro se, moves the Court to **STRIKE** the Defendants' Motion to Dismiss as procedurally improper and requests the Court **REPRIMAND** defense counsel for deliberately violating a clear, controlling order of this Court. The Motion to Dismiss is premature and improperly filed during a mandatory administrative deferral period set by the Court itself.

## II. ARGUMENT

### A. The Motion to Dismiss Directly Violates the Court's Controlling Order

1. On **September 17, 2025**, Magistrate Judge Cynthia Valenzuela signed and entered the **"ORDER ON REQUESTS TO PROCEED IN FORMA PAUPERIS (NON-PRISONER CASE)"** (the "IFP Order").

2. The IFP Order explicitly states that Plaintiff's Request to Proceed In Forma Pauperis is **"DEFERRED"** for 30 days and requires the Plaintiff to furnish fully completed financial disclosures or pay the full filing fee.

PLEADING TITLE - 1

3. The Court's Order places the case in a **mandatory administrative screening phase**. The Court is required to screen the Complaint for frivolity or failure to state a claim under 28 U.S.C. § 1915 **before** substantive litigation is permitted to proceed and before service is ordered.

4. By filing a substantive Motion to Dismiss during this deferral period, Defendants improperly attempt to force a merits review and bypass the Court's established, mandatory screening process. The Motion to Dismiss is thus procedurally improper and requires no response on the merits.

**B. Reprimand is Warranted for Disobedience to a Judicial Order**

1. Defendants are represented by experienced counsel who are presumed to be aware of the Court's scheduling orders and the procedures governing IFP cases in the Central District of California.

2. The cases are **related** and share the same judge, establishing a clear pattern of judicial guidance regarding the proper timing of motions relative to IFP status.

3. Filing a full Motion to Dismiss despite the Court's clear deferral of the matter constitutes an unnecessary and bad faith attempt to force premature litigation, which burdens the Plaintiff and **wastes the Court's time and judicial resources** by requiring the review of arguments that may be rendered moot by the IFP screening itself.

4. The Defendants' action demonstrates a **lack of respect for the judicial process** and the authority of the presiding judges. Therefore, a reprimand is necessary to ensure Defendants' compliance with the Court's procedural orders going forward.

**III. CONCLUSION AND REQUEST FOR RELIEF**
For the foregoing reasons, the Defendants' Motion to Dismiss is procedurally improper. Plaintiff respectfully requests that the Court enter an Order: 1) STRIKE the defendants MTD without prejudice to the defense.
                                                                    after the Court resolves the IFP application.

PLEADING TITLE - 2

2. **REPRIMAND** defense counsel for knowingly violating the Court's clear procedural order dated September 17, 2025.

Dated: (09/29/2025)

Respectfully submitted,

_____

**Joseph Rose, Pro Se**

Plaintiff, In Propria Persona

[37722 57th st E Palmdale Ca 93552]

[2138562090]

**CERTIFICATE OF SERVICE**

I hereby certify that on 09/29/2025), I electronically filed the foregoing document and caused a copy of this **Plaintiff's Motion to Strike and Motion for Reprimand/Sanctions** and a copy of the **IFP Order dated September 17, 2025** to be served via electronic E-Mail to the following:

Kyle Besa, Ms.Henderson , Mr. McCarthy

(Counsel for Defendants)

Emails - Kbesa@nemecek-cole.com

McCarthy@nemecek-cole.com

ghenderson@nemecek-cole.com

_____

**Joseph Rose, Pro Se**

PLEADING TITLE - 3

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Doe, J.R., | CASE NUMBER |
| | 2:25-cv-06113-CV-ADS |
| PLAINTIFF(S) | |
| v. | |
| Holly Boyer, et al., | ORDER ON REQUESTS TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE) |
| DEFENDANT(S) | |

The Court has reviewed the Requests to Proceed *In Forma Pauperis* (the "Requests") and the documents submitted with them. Dkts. 2, 14. On the question of indigency, the Court finds that the party who filed the Requests:

☐ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay filing fees. This is what is missing:

In Plaintiff's first Request, he did not completely answer questions 1-4, and 6. Dkt. 2. Additionally, he indicates he receives monthly SSI benefits, but he fails to disclose the amount. *Id.* In Plaintiff's second Request, he repeats that he receives SSI benefits, but again does not disclose the amount. Dkt. 14. Further, in addition to public benefits, he indicates he receives "other income," but he fails to disclose the source(s) of that income and the amount(s) received. *Id.*

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☒ Ruling on the Requests is POSTPONED for 30 days so that the filer may provide additional information. Dkts. 2, 14.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:

　☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
　☐ The action is frivolous or malicious.
　☐ The action fails to state a claim upon which relief may be granted.
　☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☒ Within 30 days of the date of this Order, the filer must do the following:

(1) Refile a fully completed Request on the Court's CV-60 form, including disclosing all sources of income and their amounts, as well as all assets and their values, and separately addressing the discrepancy above in a statement not to exceed one page. OR

(2) Pay the full filing fee of $405.

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| 9/17/25 | *Cynthia Valenzuela* |
| Date | United States District Judge |

CV-73 I07(22)　　ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

Open in...

←    →    ＋    56    •••

Attorney Name

PLEADING TITLE - 5