Joseph E Rose
The National Counsel for the Empowerment of Foster People
37722 57th st Palmdale Ca, 93552
Phone (213)856-2090
Email JosephRose33@outlook.com

UNITED STATES DISTRICT COURT

CENTRAL DIVISION OF CALIFORNIA

| | |
|---|---|
| Joseph Rose (John doe JR),<br><br>  Plaintiff,<br><br>vs.<br><br>HOLLY BOYER, ESNER, CHANG, BOYER & MURPHY LLP,<br><br>  Defendant | Case No.: 2:35-cv-06113-CV-ADS<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL CLARIFICATION REGARDING THE STATUS OF DEFENSE COUNSEL AND PENDING FILINGS**<br><br>REFEREE / JUDGE : THE HONORABLE AUTUMN D. SPAETH<br><br>ATTN CLERK : KRISTEE HOPKINS |

# I. INTRODUCTION

Plaintiff respectfully requests judicial clarification regarding the status of attorney Kyle R. Besa, whose name appears repeatedly on the docket as counsel of record for Defendants. Multiple filings submitted by Mr. Besa remain pending before the Court, including filings directly challenged by Plaintiff's Motion to Strike and Motion for Reprimand.

Defendants have since issued inconsistent and contradictory statements concerning Mr. Besa's status, creating uncertainty that materially affects the integrity of the docket and the validity of filings submitted in his name.

Judicial clarification is required.

PLEADING TITLE - 1

## II. RELEVANT PROCEDURAL HISTORY

1. August 6, 2025:

   Attorney Kyle R. Besa executed the Waiver of Service on behalf of defendants Esner Chang Boyer & Murphy. His name and signature appear on the AO-399 form submitted to the Court.

2. Subsequent Filings by Mr. Besa:

   Mr. Besa filed the following documents as counsel of record:

   - Notice of Interested Parties (Doc. 20) — incomplete and missing the required insurer disclosure.
   - Motion to Dismiss (Doc. 21) — filed prematurely after Judge Spaeth expressly instructed counsel not to file any motion until after meet-and-confer obligations were completed.

3. October 2025:

   Plaintiff filed a Motion to Strike and Motion for Reprimand against Mr. Besa for violating the Court's order and hiding the insurer.

4. After the reprimand motion was filed, Mr. Besa ceased all communication. The opposition to Plaintiff's motion was served not by Mr. Besa, but by another attorney or staff member.

5. November 13, 2025:

   Plaintiff received an email from attorney Michael McCarthy stating:

   "Kyle Besa is no longer working on this matter."

6. November 14, 2025:

   Plaintiff received a second email from Mr. McCarthy stating:

   "Kyle left the firm to explore other opportunities which had absolutely nothing to do with your case."

These two statements are contradictory on their face and materially impact the Court's ability to determine:

PLEADING TITLE - 2

- who is/was counsel of record at the time of each filing;
- whether filings bearing Mr. Besa's signature remain valid;
- whether the opposition to Plaintiff's reprimand motion was submitted by authorized counsel;
- whether Defendants are attempting to evade accountability for defective filings;
- whether a Rule 83-2.3 Notice of Withdrawal or Substitution is required.

## III. NEED FOR JUDICIAL CLARIFICATION

Because Mr. Besa:

- appeared on the docket;
- executed the waiver of service;
- filed the defective Notice of Interested Parties;
- filed the premature Motion to Dismiss; and
- is the subject of Plaintiff's pending reprimand motion,

his sudden removal from the case, without a formal Notice of Withdrawal or Substitution of Counsel, creates a procedural inconsistency that only the Court may resolve.

Email communications do not constitute a valid withdrawal or substitution under the Federal Rules or Local Rule 83-2.3.

## IV. REQUESTED CLARIFICATIONS

Plaintiff respectfully requests that the Court issue clarification on the following:

**1. Status of Attorney Kyle R. Besa**

PLEADING TITLE - 3

Whether Mr. Besa remains counsel of record at the time of:

- execution of the waiver of service,
- filing of the Notice of Interested Parties,
- filing of the Motion to Dismiss, and
- filing of the opposition to Plaintiff's reprimand motion.

## 2. Requirement for Substitution or Withdrawal

Whether Defendants must file:

- a Substitution of Counsel, or
- a Notice of Withdrawal requiring Court approval,

under Local Rule 83-2.3.

## 3. Validity of Filings Submitted by Former Counsel

Whether filings submitted by Mr. Besa remain valid and enforceable in light of his removal and contradictory representations from the defense.

## 4. Whether Corrective Action is Required

Whether the procedural irregularities require:

- striking defective filings,
- requiring amended filings,
- sanctions, or
- other corrective action.

PLEADING TITLE - 4

# V. CONCLUSION

Plaintiff submits this request to preserve the accuracy of the docket, ensure accountability of counsel, and maintain the integrity of proceedings before this Court.

_____
Attorney Name

PLEADING TITLE - 5